IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Jonathan E. LINDBERG, Attorney
at Law.

Supreme Court

*No. 90–0961–D. Filed November 27, 1990.*

(Also reported in 462 N.W.2d 664.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Jonathan E. Lindberg to practice law in Wisconsin be suspended for a period of 60 days as discipline for professional misconduct. That misconduct consisted of his neglect of a client's divorce matter and failure to respond to her requests for information and to keep her informed of the status of the matter.

Because Attorney Lindberg has three times been reprimanded for similar misconduct, we determine that a license suspension is necessary to impress upon him his professional obligation to pursue diligently the matters for which he has been retained. The 60-day license suspension recommended by the referee should serve that purpose.

Attorney Lindberg was licensed to practice law in Wisconsin in 1974 and currently serves as district attorney for Juneau county. Prior to becoming district attorney, he engaged in the private practice of law in Mauston. In 1981, the court publicly reprimanded him for neglect of a legal matter by failing to answer letters his clients had written stressing the need for immediate action on their zoning request and asking for the return of their file, which he did not return until after being contacted by the district professional responsibility committee. Earlier, the Board of Attorneys Professional Responsibility (Board) had conducted an investigation concerning his representation of a man charged with numerous counts of burglary, which resulted in the Board's issuing a private reprimand. In 1984, Attorney Lindberg consented to a public reprimand as discipline for neglect of client matters. The referee in this proceeding is Attorney Janet Jenkins.

The referee made findings of fact based on the parties' stipulation of facts. In September, 1986, prior to his becoming district attorney, a woman retained Attorney

Lindberg to represent her in obtaining a legal separation from her husband, a member of the U.S. Armed Forces. Attorney Lindberg commenced the action promptly and shortly thereafter filed an affidavit of no answer, stating that the respondent had been served with a summons and petition and had filed no responsive pleading. At the same time, he filed a notice of motion for default judgment, stating that on or about February 20, 1987 he would move the court for a default judgment of legal separation.

Three weeks after he filed that motion, Attorney Lindberg became district attorney for Juneau county and discontinued the private practice of law. Although he stated his belief that he had notified all of his clients of the conclusion of his practice, the client in the legal separation matter claimed she never received such notice.

Just prior to the conclusion of the waiting period for applying for default judgment on the separation, the client told Attorney Lindberg, then District Attorney Lindberg, that she wanted to obtain a divorce rather than a legal separation because she was aware her husband was absent without leave from the military. Attorney Lindberg then told her he would try to find a new attorney to represent her because of his position in public office. Shortly thereafter, he told the client he had been unsuccessful in locating successor counsel and that he would have to request permission from the county board to continue her representation in the event her case were contested. However, Attorney Lindberg never approached the county board to request that permission.

During the following several months, the client telephoned Attorney Lindberg's office and left messages inquiring into the status of the divorce action, as well as a possible forgery charge against her husband. Attorney

Lindberg failed to return the client's calls. Eventually, Attorney Lindberg told the client of a hearing scheduled for September 2, 1987. The client claimed he told her it was scheduled for 8:30 a.m.; Attorney Lindberg's recollection was that he told her the scheduled time was 8:00 a.m.; the court calendar disclosed that the hearing was scheduled for 8:00 a.m. In any event, the client received no written notice regarding that hearing and did not appear until just prior to 8:30 a.m., at which time Attorney Lindberg told her the hearing had been canceled and that he would try to reschedule it as soon as possible.

During the next five months, the client telephoned Attorney Lindberg's office attempting to learn of the progress of the divorce action and the unrelated forgery charge which she had asked his office to commence against her husband. Except for a few times when he spoke to her on the telephone and told her he would check with the judge and call her, Attorney Lindberg failed to respond to the client's communications. The client later sent him a certified letter asking whether he intended to complete her case, stating that she would appreciate a prompt and definite answer and considered that it was not proper for him to have accepted her retainer and not finish the case. She asked that if he did not intend to finish it, he return her retainer or at least half of it. The client received no response to that letter.

The client retained other counsel in February, 1989, and a hearing in the divorce proceeding was held less than two months later, at which time a divorce was granted. During the course of the Board's investigation of the client's grievance, the client received in full the retainer she had paid to Attorney Lindberg.

On the basis of these facts, the referee concluded that Attorney Lindberg failed to act with reasonable diligence and promptness in representing this client, in vio-

lation of SCR 20.32(3)[1] and SCR 20:1.3;[2] further, his failure to communicate with his client and reasonably respond to her inquiries constituted a failure to keep a client reasonably informed about the status of a legal matter and promptly comply with a client's reasonable requests for information, in violation of SCR 20.32(3) and 20:1.4.[3]

In recommending a 60-day license suspension, the referee explicitly considered that the client was harmed by the substantial delay in the completion of her divorce proceeding, noting that, while the typical default separation or divorce takes approximately six to eight months, this client's took approximately 30 months. The referee also noted the three prior instances in which discipline was imposed on Attorney Lindberg for neglect of client matters—not only failing to handle those matters timely but also failing to communicate with his clients regarding their status. Accordingly, the referee determined that discipline more severe than a public reprimand is appropriate in this instance.

---

[1]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2]SCR 20:1.3 provides: "**Diligence** A lawyer shall act with reasonable diligence and promptness in representing a client."

[3]SCR 20:1.4 provides

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

We agree. We also accept the referee's recommendation that the license suspension become effective after Attorney Lindberg's term as district attorney ends in January, 1991. He did not seek reelection and, consequently, the license suspension will not affect his ability to function in that position. This portion of the referee's recommendation was based on the fact that Attorney Lindberg's professional misconduct was in no way related to his office and, further, that a license suspension during his term of office would penalize the citizens of the county who elected him to that office and continue to rely on him to prosecute criminal offenses in their county. In addition, the referee observed, it would be likely that special prosecutors would be needed to dispose of pending criminal matters while Attorney Lindberg's license remained suspended, with resulting additional costs to taxpayers and delay in the effective administration of criminal justice in Juneau county.

IT IS ORDERED that the license of Jonathan E. Lindberg to practice law in Wisconsin is suspended for a period of 60 days, commencing February 1, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jonathan E. Lindberg pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jonathan E. Lindberg to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Jonathan E. Lindberg comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.