IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jonathan E. LINDBERG, Attorney at Law.

Supreme Court

*No. 92-1494-D. Filed January 28, 1993.*

(Also reported in 494 N.W.2d 421.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of Attorney Jonathan E. Lindberg to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of Attorney Lindberg's failure as Juneau county district attorney to promptly provide disposi-

tional orders in numerous juvenile cases as requested by the circuit judge and others and to contact timely a victim and an eyewitness prior to a preliminary hearing in a criminal matter, resulting in the dismissal of the criminal charges, his failure as a private practitioner to file final documents to close three probate estates for periods exceeding two years and his failure to respond to numerous inquiries from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee investigating grievances against him.

By that misconduct, Attorney Lindberg has continued the pattern of neglect of legal matters he established in prior disciplinary proceedings. In addition to that neglect, Attorney Lindberg failed to respond timely and adequately to inquiries from the Board of Attorneys Professional Responsibility investigating his misconduct. The seriousness of his misconduct, exacerbated by its repetition, warrants the license suspension recommended by the referee.

Attorney Lindberg was licensed to practice law in Wisconsin in 1974 and practices in Mauston. He previously served as district attorney for Juneau county. In 1981, the court publicly reprimanded him for failing to answer letters his clients had written stressing the need for immediate action on their legal matter and requesting the return of their file. Prior to that reprimand, the Board privately reprimanded him for his representation of a defendant in a criminal matter and in 1984 he consented to a public reprimand from the Board as discipline for neglect of client matters. Most recently, the court suspended Attorney Lindberg's license to practice law for 60 days in November, 1990 as discipline for neglect of a client's divorce matter and failure to respond to that client's request for information and to keep her

informed of the status of the matter. *Disciplinary Proceedings Against Lindberg,* 158 Wis. 2d 437, 462 N.W.2d 664.

Attorney Lindberg and the Board stipulated to the facts and agreed to conclusions of law the referee could make concerning his violation of the rules of attorney conduct. Based on that stipulation, the referee, Attorney Norman Anderson, made findings and conclusions as follows.

Between June, 1988 and July, 1989 a circuit judge for Juneau county and other county officials wrote District Attorney Lindberg a series of memoranda and letters repeatedly requesting him to prepare long overdue dispositional orders in numerous juvenile cases. In his letter of June 29, 1988, Judge Wallace Brady told District Attorney Lindberg to provide the necessary orders within one week. Judge Brady again wrote to District Attorney Lindberg on July 14, 1989, noting that he had received an order in only one of the 19 juvenile cases to which Attorney Lindberg's attention had been directed and setting a deadline of July 19, 1989 for submission of the necessary papers in the other cases, with a warning that his failure to meet that deadline would result in the matter being referred to the disciplinary authorities.

In addition to the judge's letters, letters from the county department of social services and department of human services informed District Attorney Lindberg of severe fiscal penalties state and federal governments could impose on the county if copies of court orders in the juvenile matters were not made available to the county. A letter from the juvenile court clerk requested his prompt attention to 14 juvenile matters in which orders were needed.

By letter of December 28, 1989 the Board informed District Attorney Lindberg of a grievance filed against

him concerning his conduct in these juvenile cases and requested a written response to that grievance, as well as two other matters. The first of those concerned a sexual assault case in which charges against the accused were dismissed with prejudice because of District Attorney Lindberg's failure to produce the victim or the eyewitness to the crime at the preliminary hearing. When he told the court at that hearing that he had difficulty serving the victim and witness because they had moved out of the county, the court asked him when he first tried to locate them, to which District Attorney Lindberg replied, "Yesterday and today."

The other matter concerned three estates which Attorney Lindberg handled in his private practice. One of those was opened March 25, 1986 and the final account was approved on June 21, 1988. The register in probate asked Attorney Lindberg on May 2, 1989 about the documents needed to close the estate, to which Attorney Lindberg responded that he lacked a couple of receipts. The court sent Attorney Lindberg a reminder on July 9, 1991 to file receipts and an order for discharge within 10 days or obtain an order extending the time to do so. Those documents were not filed until June 29, 1992, almost one year later.

The second estate was opened as an ancillary probate on April 1, 1980. After sending numerous reminders to Attorney Lindberg to close the estate and granting several extensions for him to do so, the court ordered the ancillary proceeding closed on June 21, 1988 and ordered a certificate of descent, which Attorney Lindberg failed to prepare and file until June 29, 1992, despite a reminder from the register in probate on May 2, 1989. The third estate was opened by another attorney in 1977, whom Attorney Lindberg replaced in 1979. The estate remained open for many years because of its

inability to satisfy a claim but that claim was withdrawn in October, 1989 and the court ordered the estate closed. Attorney Lindberg did not file the order for summary settlement until June 29, 1992.

On February 13, 1990, Attorney Lindberg responded to the grievance alleging that he had neglected the juvenile cases, stating that whatever documents were required had been supplied in accordance with the court's order. In respect to the other allegations, he stated that he believed he was in error when he acceded to law enforcement wishes to prosecute the criminal defendant in the sexual assault case and that he anticipated filing the closing documents in the estates soon. The Board wrote to him on March 8, 1990 requesting specific information with respect to the allegations of his misconduct but Attorney Lindberg did not respond. He also did not respond to the Board's certified letter requesting specific information. When the matter was referred to the district professional responsibility committee for investigation, Attorney Lindberg, in a letter of February 26, 1992, reiterated his initial response to the grievances and, in respect to the probate matters, stated his belief that any missing documents could be readily supplied.

A second grievance was filed with the Board on December 27, 1989 by the chairman of the county human services board, alleging that a number of juvenile delinquency cases and welfare fraud cases referred to District Attorney Lindberg either had been dismissed by the court because of his failure to act or had never been prosecuted by him. Responding to the Board's inquiry, District Attorney Lindberg stated that the matter was "entirely a matter of local politics" and that without identification of each of the cases referred to in that grievance, he was unable to provide a detailed response.

When a list of those cases was provided to him, however, District Attorney Lindberg did not respond. He continued to fail to respond even after the attorney representing him in a pending disciplinary proceeding had asked the Board to include that grievance in the matters being considered in that proceeding, to which the Board responded that it would be unable to conclude an investigation without a response from Attorney Lindberg. He also did not respond to the district professional responsibility committee investigator when the matter was referred there, other than to state that there were boxes of correspondence he had to review in order to respond.

The referee concluded, as the parties had stipulated, that Attorney Lindberg's conduct in these matters violated the rules of professional conduct for attorneys as follows: his failure to promptly provide dispositional orders in juvenile cases, as requested by the circuit court and county offices, violated SCR 20:1.3;[1] his failure to attempt to contact a victim and an eyewitness in a sexual assault case until the day before the preliminary hearing, resulting in the dismissal with prejudice of the criminal charges when the victim and witness did not appear, violated SCR 20:1.1[2] and SCR 20:1.3; by failing to file final documents needed to close the three estates for periods of more than two years, he violated SCR

---

[1] SCR 20:1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.1 provides:

**Competence**
 A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

20:1.3; his failure to respond to numerous requests from the Board and the district professional responsibility committee for information concerning the matters under investigation violated SCR 21.03(4)[3] and 22.07(3).[4]

As discipline for that misconduct, the referee recommended, albeit "with some reluctance," the six-month license suspension to which Attorney Lindberg and the Board had agreed in their stipulation. They had further stipulated and the referee recommended that the suspension be imposed retroactively to November 1, 1992, when Attorney Lindberg, anticipating the suspension of his license in this proceeding, ceased the practice of law and turned over all active files to other attorneys. We accept the referee's recommendation for a six-month license suspension as discipline for his misconduct but we do not make that license suspension effective retroactively to a date agreed upon by Attorney Lindberg. As he is not currently engaged in the practice of law, we make that suspension effective the date of its imposition.

---

[3] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

IT IS ORDERED that the license of Jonathan E. Lindberg to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jonathan E. Lindberg pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jonathan E. Lindberg to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jonathan E. Lindberg comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.